We recommend that the questions certified be answered as above indicated.

CURETON, C. J. The opinion of the Commission of Appeals answering the certified questions is adopted and ordered certified.

[redacted]

**ROGERS et al. v. ROGERS.**
**(No. 1220—5235.)**

Commission of Appeals of Texas, Section A.
April 10, 1929.

[redacted]

Collins, Jackson & Snodgrass and Harris, Harris & Sedberry, all of San Angelo, for plaintiffs in error.

D. I. Durham and Upton & Upton, all of San Angelo, for defendant in error.

HARVEY, P. J. W. Rogers and his wife, Martha C. Rogers, owned in community the tract of land described in the deed hereinafter set out. They had four children, Lillie Rogers, W. J. H. Rogers, Eliza Daniel, and Aaron Rogers. J. W. Rogers died intestate. He was survived by his wife and his three children first named, and the children of Aaron Rogers, who had previously died intestate. After J. W. Rogers died, his wife deeded her half interest in the land to Lillie Rogers. Martha C. Rogers afterwards died intestate, and thereafter Lillie Rogers duly signed, acknowledged, and delivered to the plaintiffs in error, W. J. H. Rogers, Eliza Daniel, and the children of Aaron Rogers, deceased, the following deed, to wit:

"The State of Texas, County of Coke.

"Know all men by these presents: That I, Lillie Rogers, a feme sole, of the County of Coke, State of Texas, for and in consideration of the sum of Ten and No/100 Dollars to me paid by W. J. H. Rogers, Eliza Daniel, wife of P. L. Daniel, and the following heirs of Aaron Rogers, deceased, to-wit: John Jackson Rogers, Henry Evan Rogers, Lula Belle Dubose, wife of W. E. Dubose, and Ara Anna Scott, wife of J. H. Scott, as follows: The sum of $10.00 cash in hand, receipt of which is hereby acknowledged and confessed, have Granted, Sold and Conveyed, and by these presents do Grant, Sell and Convey unto the said W. J. H. Rogers, Eliza Daniel, John Jackson Rogers, Henry Evan Rogers, Lula Belle Dubose and Ara Anna Scott, the said W. J. H. Rogers now residing in Coke County, Texas, the said John Jackson Rogers, Henry Evan Rogers and Ara Anna Scott now residing in Coke County, Texas, the said Eliza Daniel now residing in Chaves County, State of New Mexico, and the said Lula Belle Dubose now residing in Las Cruces, New Mexico, an undivided three-eighths (⅜) interest in and to the following described lands and premises lying and being situated in the County of Coke, State of Texas, to-wit: 320 acres, being the north one-half (N½) of section No. Four Hundred Twenty-five (425), in Block 1-A, Certificate 38/4375, H. & T. C. Ry. Co., in the following proportions, to wit:

"To the said W. J. H. Rogers an undivided one-eighth of said land; to the said Eliza Daniel an undivided one-eighth of said land, and to the said John Jackson Rogers, Henry Evan Rogers, Lula Belle Dubose and Ara Anna Scott an undivided one-eighth of said land, being an undivided one-thirty-second (1/32) each in and to said land.

"TO HAVE AND TO HOLD the above described premises, together with all and singular the rights and appurtenances thereto in anywise belonging unto the said W. J. H. Rogers, Eliza Daniel, John Jackson Rogers, Henry Evan Rogers, Lula Belle Dubose and Ara Anna Scott, their heirs and assigns forever; and I do hereby bind myself, my heirs, executors and administrators, to warrant and forever defend, all and singular the said premises unto the said W. J. H. Rogers, Eliza Daniel, John Jackson Rogers, Henry Evan Rogers, Lula Belle Dubose and Ara Anna Scott, their heirs and assigns, against every person whomsoever lawfully claiming, or to claim the same, or any part thereof."

There was no consideration for this deed. The recited consideration of $10 was not paid, and the evidence refutes the idea that any of the parties to the instrument intended that it should be paid. After this deed was executed, Lillie Rogers brought this suit against the plaintiffs in error, seeking partition of said tract of land. She asserts claim to an undivided five-eighths interest in the tract, and alleges that the plaintiffs in error own the remaining three-eighths. She claims one-half interest under the deed from her mother and one-eighth interest by inheritance from her father. The plaintiffs in error assert claim to three-fourths interest; three-eighths by inheritance from J. W. Rogers, and three-eighths under the above deed from Lillie Rogers. The legal effect and validity of this deed are the controlling issues in the case. The validity of the deed is assailed on the ground that it is without consideration. The legal effect of the deed, as a conveyance of a portion of the five-eighths interest of Lillie Rogers, is assailed by her on the ground that she did not intend the deed to have that effect. The case was tried without a jury, and the trial court rendered judgment in favor of

Lillie Rogers, establishing her claim to five-eighths interest in the land. Lillie Rogers testified to a conversation between her and her brother, W. J. H. Rogers, and her sister, Eliza Daniel, which conversation occurred the day before the deed was executed. As to this conversation she testified: "They said they wanted the land divided equally—one-fourth to me—and I agreed to that; but when I got up here (to the town of Robert Lee where the deed was executed) I saw that the deed read differently; the deed did not state one-fourth to me." She further testified, that she read the deed before signing it; that in executing the deed she did not intend to convey to the grantees any portion of her interest in the land; that she thought the deed had no other effect than to give the grantees the three-eighths interest which they had inherited from J. W. Rogers. No issue of fraud, undue influence, or mutual mistake is raised by the evidence.

■■ The terms of the deed are such as to import a conveyance of three-eighths interest in the land. It is well settled that the legal effect of a deed cannot be varied simply by showing that the grantor misunderstood the legal effect of its terms, or intended a different effect from that which the language of the instrument imports. The judgment of the trial court, therefore, which in effect denies effectiveness to the deed according to its terms, finds no warrant in the evidence, unless the deed be invalid because of lack of a consideration to support it.

Article 1294 of the Statutes reads as follows: "Every deed or conveyance of real estate must be signed and acknowledged by the grantor in the presence of at least two credible subscribing witnesses thereto; or must be duly acknowledged before some officer authorized to take acknowledgments, and properly certified to by him for registration."

■■ When an instrument conforms to the requirements of this statute, and purports an executed conveyance of land, the delivery of such instrument has effect, as between the parties, to vest title in the grantee in all respects the same when there is no consideration for the conveyance as when there is one. In such a case, the right of possession follows the title, and nothing else remains to be done in order to give the grantee complete dominion over the property, as between him and the grantor. See Baker v. Westcott, 73 Tex. 133, 11 S. W. 157; Galveston, H. & S. A. R. Co. v. Pfeuffer, 56 Tex. 72; Houston & T. C. R. Co. v. McKinney, 55 Tex. 187; Kahn v. Kahn, 94 Tex. 119, 58 S. W. 825; 18 C. J. 162.

So far as shown by the record before us, the deed from Lillie Rogers effected a valid conveyance of three-eighths of the land to the plaintiffs in error, which, with the three-eighths inherited from J. W. Rogers, gave them an undivided three-fourths interest. The judgment of the trial court, which adjudges only three-eighths to them, is erroneous.

We recommend that the judgment of the trial court, and that of the Court of Civil Appeals affirming same, be reversed, and the cause be remanded.

CURETON, C. J. Judgments of the district court and Court of Civil Appeals both reversed, and cause remanded, as recommended by the Commission of Appeals.

We approve the holdings of the Commission of Appeals on the questions discussed in its opinion.