### PARKS v. POWELL et al. *
### No. 4236.

Court of Civil Appeals of Texas. Texarkana.
Oct. 7, 1932.

Rehearing Denied Nov. 3, 1932.

George Prendergast, of Marshall, Lacy & Molhusen, of Longview, and R. E. Allday and Boyles, Brown & Scott, all of Houston, for appellant.

Wynne & Wynne, of Longview, for appellees.

SELLERS, J.

J. C. Parks brought this suit in the district court of Gregg county against N. P. Powell to recover an undivided one-half interest in certain oil and gas leases on twenty acres of land located in Gregg county, a part of the G. W. Hooper survey, and, in the alternative, alleged that in the event the court should determine that he was not entitled to an undivided one-half interest in the leases, then that he have judgment for a two-ninths interest. One W. E. McKinney was permitted to intervene in the suit, and he and N. P. Powell filed a joint answer in which it was alleged that intervener McKinney was the owner of all the lease interest on the twenty acres of land, and that the defendant Powell had purchased all the leases on the land involved for the intervener, and, by way of cross-action in trespass to try title, sought to recover title to all the lease interest in the land involved and to cancel the leases in the name of Parks as a cloud upon the intervener's title. The land was owned by nine Wilhite heirs. This appeal involves a one-ninth interest owned by Sam Wilhite and a one-ninth interest owned by Alberta Christain Ervin and Hobart Christain jointly. The two last-named parties are children of one of the Wilhite heirs, deceased. Alberta Christain Ervin and Hobart Christain were made parties defendant at the instance of the defendant Powell and intervener McKinney, and they filed an answer denying the title of intervener McKinney.

The case was tried before the court without the aid of a jury, and resulted in judgment in favor of intervener McKinney for title to all the lease interest, and denying to the plaintiff Parks any interest whatever, and he has duly prosecuted this appeal.

The facts, so far as they are material to the errors assigned on this appeal, may be briefly stated as follows: J. C. Parks in person, or by his agent, secured from Sam Wilhite a producer's 88 form oil and gas lease

---

*Writ of error granted.

covering his interest in the land, which was a one-ninth interest, reciting a cash consideration of $10 paid, and a like lease from Alberta Christain Ervin and Hobart Christain, who owned a one-ninth interest together. The evidence is sufficient to show that the cash consideration of $10 recited as paid was, in fact, never paid. These leases were made to J. F. Wilhite and J. C. Parks. However, J. F. Wilhite knew nothing about the leases being taken in his name, and Parks admits that J. F. Wilhite was a mere nominal party. These leases were duly recorded, and, so far as the instruments themselves are concerned, they are regular in all respects as a conveyance under the statute. The parol evidence shows that Parks secured these leases upon the understanding that he would sell them for the lessors so as to net the lessors $65 per acre, and that he was to receive for his services one-half of whatever the leases sold for above the $65 per acre. Some time after these leases were delivered and recorded, N. P. Powell purchased from the same parties for intervener similar leases on the same land for a cash recited consideration of $50 per acre, which was paid; the intervener being at the time the owner of leases on the other seven-ninths interest in the land.

The appellant contends on this appeal that the court was not authorized under the pleadings and evidence to cancel the leases executed to J. F. Wilhite and appellant by Sam Wilhite and Alberta Christain Ervin and Hobart Christain.

The appellees in their counter proposition asserted that (1) the leases from Sam Wilhite, Alberta Christain Ervin, and Hobart Christain to J. C. Parks and J. F. Wilhite, having been executed to such lessees as the agent of the lessors, the sale to McKinney was a revocation of the leases and the agency and the cancellation of any interest of the agent; and (2) it is claimed that the leases were without consideration and void, and therefore the judgment of the court was authorized.

We have reached the conclusion that the trial court's judgment cannot be supported by either of the counter propositions asserted by appellees. It must be remembered that the pleadings of appellees do not seek to cancel the leases by any allegation of fraud, accident, or mutual mistake; nor is there any question of innocent purchaser presented by the record. The appellees purchased their leases with full knowledge of appellant's leases, and are therefore in no better position than the lessors. Witherspoon v. Staley (Tex. Civ. App.) 138 S. W. 1191.

As we understand the law, an oil and gas lease conveys an interest in the land and is subject to all the rules applicable to conveyances by deed. If we are correct in this view, then the leases held by appellant were executed conveyances for they had been executed, delivered, and recorded, and as between the parties such a conveyance cannot be changed by parol evidence so as to give the instruments a different meaning than the language used imports, in the absence of allegation and proof of fraud, accident, or mistake. Rogers et al. v. Rogers (Tex. Com. App.) 15 S.W.(2d) 1037. This being true, it follows that the evidence in this case is insufficient to show that J. C. Parks ever became the agent of his lessors, for to hold otherwise would be to nullify the leases which import a regular conveyance under the statute by parol evidence, and constitute such leases a mere power of attorney.

The case of Rogers v. Rogers, supra, is also authority for the holding that as between the parties no avoidance of a voluntary conveyance may be had merely for lack of consideration when the instrument recites a cash consideration paid as in this case.

The conclusion reached is that appellee has failed to allege and prove a cause of action that will support a judgment of the court for the two-ninths interest claimed by appellant; but, on the contrary, appellant was entitled under the pleadings and evidence to recover a two-ninths lease interest in the land involved, and the judgment will accordingly be reversed and here rendered for appellant, as to such interest, and in all other respects the judgment will be affirmed.

### On Motion for Rehearing.

We wish first to correct an error in our original opinion wherein we stated that appellant Parks was to sell the leases so as to net the lessors $65 an acre, and that he was to receive one-half of whatever the leases sold for above $65 an acre; the correct amount being $60 per acre.

The appellees in their motion for a rehearing insist that the facts of this case, although by parol, are sufficient to establish a conveyance in trust of the property to the appellant Parks for the purpose of permitting Parks as trustee to sell the property for them at the price of $60 per acre, and, if Parks should sell the property for more than $60 per acre, the lessors were to receive one-half of such excess.

We are inclined to the view that appellees' contention under the uniform holdings of the courts of this state must be sustained. Hickernell v. Gregory (Tex. Civ. App.) 224 S. W. 691, 694. Such a trust is known as an active trust, and, under the authorities, passes to the trustee both the legal and equitable title to the property conveyed. Montgomery v. Truehart (Tex. Civ. App.) 146 S. W. 284; Fidelity Lbr. Co. v. Bendy et al. (Tex. Civ. App.) 245 S. W. 981. Such a trust may not be terminated at the will of the cestui que trust. Easton et al. v. Demuth et al., 179 Mo. App. 722, 162 S. W. 294.

No time was specified in the trust agreement in which Parks was to sell the leases; therefore it devolved upon appellees to allege and prove that a reasonable time, which the law contemplates in the absence of an agreement, in which Parks had to perform had expired, and the record reflects that appellees have made no such case.

It having been concluded that the property was conveyed under a trust agreement, and not a sale, to Parks, the questions raised by appellees with reference to their rights as holders of a vendor's lien will not be discussed, since such rights only arise where there is a sale of the property.

The motion for rehearing is overruled.