Kenneth Leon **HOOVER**, Appellant,

v.

**EL PASO NATIONAL BANK**, As Temporary Executor of the Estate of Mary Ann Spires, Deceased, and Joseph T. Materi, Appellees.

No. 6314.

Court of Civil Appeals of Texas, El Paso.

July 25, 1973.

Rehearing Denied Aug. 29, 1973.

Collins, Langford & Pine, Robert S. Pine, Odell S. Holmes, Jr., El Paso, for appellant.

Guevara, Rebe & Armstrong, Sal Rebe, Lee Chagra, El Paso, for appellee.

## OPINION

WARD, Justice.

This suit is for an accounting, dissolution of a partnership, and a partition of the partnership assets concerning the real estate, personal property and business known as the White Spur Motel-Trailer Park in El Paso. Following a jury trial, judgment was entered by the trial Court finding that the Appellant, Kenneth Leon Hoover, and the Appellee, Joseph T. Materi, each were the owners of an undivided one-half interest in the property, ordering a sale of the assets, decreeing an equal division of the partnership profits between those two parties from May 12, 1971, and decreeing an equal division of the partnership profits prior to that date between the said Appellant and the Estate of Mary Ann Spires. The judgment is affirmed.

On April 15, 1968, Mary Ann Spires, a feme sole, and Kenneth Leon Hoover, a single man, acquired the motel and trailer park by deed which recited that the property was conveyed to them "as equal Cotenants." Some two weeks later and after the beginning of the operation of the partnership, these two parties entered into what they termed a "joint tenancy agreement," the agreement providing that they were joint owners of the property and that upon the death of either of them, the interest of the joint owner who died first would survive to the surviving joint owner and would not descend to the heirs or legal representative of such deceased joint own-

er. A disagreement later arose between these two people and Mary Ann Spires brought suit for partition of the real estate, resulting in the former appeal to this Court of that part of the controversy. Spires v. Hoover, 466 S.W.2d 344 (Tex. Civ.App.—El Paso 1971, writ ref'd n. r. e.). There, we construed the joint tenancy agreement as providing that the property was to be held and owned by those parties as joint tenants with right of survivorship as at common law and that regardless of certain language of the agreement, the right of partition of the joint tenancy was available as one means of terminating the joint estate.

Then, on May 12, 1971, Mary Ann Spires conveyed by general warranty deed to the Appellee, Joseph T. Materi, at least her undivided one-half interest in the property, and contracted to convey all or part of the other fifty percent interest should it be established upon trial that Mary Ann Spires owned or had acquired more than a fifty percent interest in the property. Materi was then permitted to intervene in the pending suit. Thereafter, on August 8, 1971, Mary Ann Spires died, and, upon suggestion of the death, El Paso National Bank, as Temporary Executor of the Estate of Mary Ann Spires, Deceased, was substituted as a party plaintiff to enable a recovery of whatever the estate would be entitled to upon the final dissolution of the business.

By its special issue number one, the Court submitted the following question to the jury:

"From a preponderance of the evidence, what do you find to be the percentage of interest, if any, of MARY ANN SPIRES to the real estate in question (the White Spur property) as of May 12, 1971?"

To this issue the jury returned its answer —"0%." The value of this submission was questionable at best in view of the fact that it was on May 12, 1971, that Mary Ann Spires conveyed her one-half interest in the property to Joseph T. Materi by the deed described and had contracted to convey any other interest she might have owned. There is no guide contained in the question as to whether the Court was making the inquiry of the jury concerning the ownership before or after the execution and delivery of that deed. Regardless of the jury answer, the Court on motion for judgment non obstante veredicto entered judgment for the grantee, Joseph T. Materi, for a one-half interest in the property, and a one-half interest in the partnership profits which accrued after May 12, 1971.

If it were the Appellant's position by his pleading and proof that he was entitled to a greater ownership in the property and profits of the enterprise because of a greater contribution to the capital than a one-half ownership, or because of a partnership agreement as to ownership, we would be faced with a serious problem on this appeal. However, as we understand the Appellant's testimony and the position which he consistently maintained during the trial, and that taken by him in his brief and on oral argument, it is to the effect that he was entitled to only a one-half ownership in the property and profits of the partnership from the date of its creation until the death of Mrs. Spires and that he is entitled to the sole ownership of the property and to all profits accruing after the death of Mrs. Spires on August 8, 1971, as the entire property became vested in him by reason of the joint tenancy agreement; that, on the death of the joint tenant, her interest passed to Kenneth Leon Hoover as the surviving joint tenant, and the partition action then became moot.

This position ignores the other incidents of a joint tenancy and this Court's prior holding construing the joint tenancy agreement to the effect that the agreement, by its own wording, provided nothing more or less than that the property was to be held and owned by the parties as "joint tenants with right of survivorship as at common law." To that extent, the law of the case has been established by our former opinion.

4 Tex.Jur.2d, Sec. 1007, p. 696. In that opinion, we further held that partition was one of several methods of terminating the joint estate and that Mrs. Spires could proceed with her suit. 64 A.L.R.2d, Secs. 26 and 28, pp. 954–956. However, partition is not the exclusive method to terminate a joint tenancy. As previously pointed out, while the partition suit was pending and before the partition could be accomplished, Mary Ann Spires conveyed at least her undivided interest to Materi. This act of the joint tenant in conveying her interest in the property to a stranger operated to sever that interest from the joint tenancy. The result was that share which was conveyed then was discharged from the incidents of joint tenancy, and passed to the grantee to be held by him as a tenant in common. The conveyance by the joint tenant to the stranger, Materi, necessarily destroyed the unity of title and of time and the joint tenancy was destroyed. To this extent the authorities are in agreement. Tiffany, Real Property, Third Edition (1939), Vol. 2, Sec. 425, p. 209; Thompson on Real Property, Permanent Edition, Sec. 1780, p. 317; 64 A.L.R.2d, Sec. 4, pp. 925–929. The intervenor, Materi, was then entitled to the remedy of partition and to the judgment that he was at least a half owner of the property in question and entitled to at least one-half of the profits as a necessary incident of that ownership.

It was the theory of the Appellees that because of Mrs. Spires' original contribution to the capital of the partnership before her conveyance to Mr. Materi she was the owner of at least 97% of the partnership assets and as a necessary incident thereto at least 97% of the profits of the venture. As stated, the Appellant, Hoover, at no time maintained that he was the owner of more than fifty percent of the subject property during the lifetime of Mrs. Spires. The trial Court awarded this fifty percent to the Appellant. The Appellant's only complaint is that upon her death he received the other fifty percent by virtue of the terms of the joint tenancy agreement and in this he is in error. The Appellant's points have all been considered and they are overruled.

The judgment of the trial Court is affirmed.