**Kenneth Leon HOOVER, Appellant,**

v.

**Joseph T. MATERI, Appellee.**

**No. 6400.**

Court of Civil Appeals of Texas, El Paso.

Oct. 30, 1974.

Rehearing Denied Nov. 13, 1974.

Collins, Langford & Pine, Robert S. Pine, El Paso, for appellant.

Guevara, Rebe & Armstrong, Sal Rebe, Lee A. Chagra, El Paso, for appellee.

## OPINION

OSBORN, Justice.

This case concerns the division of the proceeds of a Sheriff's sale between owners of property sold because the property was incapable of division in kind between tenants in common. The trial Court ordered the proceeds of the sale divided equally and we affirm that part of the judgment.

This case has been before this Court on two other occasions. Spires v. Hoover, 466 S.W.2d 344 (Tex.Civ.App.—El Paso 1971, writ ref'd n. r. e.) ; and Hoover v. El Paso National Bank, 498 S.W.2d 276 (Tex.Civ.App.—El Paso 1973, writ ref'd n. r. e.). The trial Court judgment of April 3, 1972, awarded Joseph T. Materi and Kenneth Leon Hoover each an undivided one-half interest in the real estate in issue and ordered the property sold at a Sheriff's sale and the proceeds paid equally to the two co-owners. After that judgment was affirmed in 1973, the property was sold on March 5, 1974, to Joseph T. Materi for the bid price of $88,500.00. Mr. Materi had purchased his one-half interest from Mary Ann Spires in 1971 and at the time of the Sheriff's sale there was an outstanding lien of $10,000.00 due and owing on the purchase money note, which was secured by a deed of trust lien on Mr. Materi's one-half interest.

Following the sale Mr. Hoover filed a motion with the trial Court requesting that the Court take into consideration the purchase money note and lien in arriving at the distribution of the proceeds of the sale. The trial Court overruled said motion and ordered $44,250.00 paid to Mr. Hoover for his one-half interest. At the same time $5,000.00 was retained under the trial Court's jurisdiction pending disposition of this appeal.

Appellant presents one point of error, complaining of the action of the trial Court in overruling his motion and in failing to take into consideration the purchase money lien against the property which was placed thereon by Appellee during the pendency of this suit. The Appellant's basic contention is that since he and Appellee were the only two bidders he was at a great disadvantage because he was required to bid subject to the $10,000.00 lien

created by Appellee against Appellee's interest, whereas Appellee, who also bid subject to said lien, was personally liable and required to pay the note regardless of whether he was the high bidder or not. Thus Appellant urges that the $5,000.00 held by the trial Court should be paid to him, so that he would receive $49,250.00 from the sale and Appellee would receive $39,250.00 thus giving proper adjustment for the $10,000.00 lien.

■ The generally recognized rule is that mortgages or other liens on the undivided interest of a cotenant will, in the case of a partition sale, attach to the cotenant's share of the proceeds of such sale, and the purchaser at the partition sale takes the property discharged of the lien. 59 Am.Jur.2d, Partition, § 193, p. 919; 68 C.J.S. Partition § 204, pp. 337–338. In an annotation discussing the effect of a mortgage or other lien on an undivided interest in a partition sale the rule is set forth in 93 A.L.R. 1267 at 1284, as follows:

"If a cotenant mortgages or creates a lien upon his undivided interest pending a suit for partition, it is held that the purchaser at the partition sale takes the property discharged of the lien, which attaches to the proceeds of the sale."

■ While we can recognize Appellant's disadvantage in bidding against Appellee at the Sheriff's sale, without some protection against the lien created by Appellee, the issue should have been raised prior to the sale and not after it was over. Had the issue been timely raised the trial Court could have required in its judgment providing for the Sheriff's sale, that if Appellant was the successful bidder, the first $10,000.00 of the proceeds of the sale allocated to Appellee be used to pay off the lien placed on the property of Appellee.

As noted in 68 C.J.S. Partition § 144b, p. 239:

"* * * In actual partition the court may declare that an encumbrancer has a valid lien on the interest of one of the tenants in common; or, if a sale is found necessary, the court may ascertain the amount due and order it paid out of the distributive share of the encumbrancing tenant, and this may be done even after the sale in partition."

Thus the two parties would have been on equal terms at the bidding and Appellant would not have been concerned about buying the property subject to a debt created by Appellee which constituted a lien against the property he was bidding on, and which debt Appellee might never satisfy. No such request was apparently made prior to the judgment in 1972 and it became a final determination that the parties would share equally in the proceeds of the sale, and the order of disbursement entered after the sale awarded to Appellant that to which he was entitled under the 1972 judgment, viz. $44,250.00 or one-half of the sale price. Under Rule 770, Tex.R.Civ.P., the trial Court divided the proceeds of the sale "among the persons entitled thereto, according to their respective interests."

We therefore conclude that Appellee is entitled to the $5,000.00 held by the trial Court and Appellant's sole point of error is overruled.

■ We sustain Appellee's cross-point and hold that under Rule 778, Tex.R.Civ. P., all costs incurred by the Sheriff of El Paso County are to be taxed equally against Kenneth Leon Hoover and Joseph T. Materi. 44 Tex.Jur.2d, Partition, § 63, p. 309. All costs herein are taxed against Appellant.