Yvonne M. PONTON

v.

**Phillippe X. POISSON.**

No. 97–97–Appeal.

Supreme Court of Rhode Island.

April 8, 1998.

Robert M. Brady, Providence, for Plaintiff.

Brian J. Spero, Providence, William A. Hardman, III, Cranston, William L. Bernstein, Greenville, Charles A. Lovell / Andrew Richardson, Stephanie Ferguson, Providence, for Defendant.

Before WEISBERGER, C.J., and LEDERBERG, BOURCIER, FLANDERS and GOLDBERG, JJ.

## OPINION

PER CURIAM.

This case came before the court for oral argument March 10, 1998, pursuant to an order that directed the parties to appear in order to show cause why the issues raised by this appeal should not be summarily decided. After hearing the arguments of counsel and examining the memoranda filed by the parties, we are of the opinion that cause has not been shown and that the issues raised by this appeal should be decided at this time.

A trustee in bankruptcy appointed by the United States Bankruptcy Court for the District of Massachusetts for the estate of Ponton and Poisson d.b.a. Maplewood Travel has appealed from a judgment entered in the Superior Court holding that two mortgages given in favor of Island Associates, Inc. (Island), were valid security interests. The facts underlying these mortgages are as follows.

Yvonne M. Ponton and Phillippe X. Poisson were husband and wife who were divorced in 1971. At the time of the divorce they were owners as joint tenants of a certain parcel of real estate located on Cook Street in the town of Cumberland, Rhode Island. In 1975 Ponton filed a complaint, seeking partition of the real estate. The complaint for partition was granted and a commissioner was appointed by the Superior Court with authority to sell the property. The property was sold in December of 1995 for $125,000. After deduction of fees, $101,431.81 was deposited in the registry of the court.

While the partition litigation was pending, Ponton and Poisson d.b.a. Maplewood Travel were tenants in a parcel of commercial real estate located at Southway Plaza in Fall Riv-

**1048**

er, Massachusetts. The landlord was Island. In 1992 they fell behind in their rent and executed a promissory note in the amount of $20,000. This note was secured by a mortgage on the Cumberland property that covered only Ponton's interest. In 1993 Ponton executed another promissory note for unpaid rent in the amount of $9,750, also secured by a second mortgage on Ponton's interest in the Cumberland property.

In order to facilitate the sale, Island discharged its mortgages at the request of the commissioner appointed by the Superior Court on condition that its secured claim would attach to the proceeds deposited in the registry. After the sale the trustee in bankruptcy was allowed to intervene in the Superior Court proceeding in respect to the distribution of the proceeds of the sale. The trial justice held that the mortgage on the interest of one of the joint tenants was valid and that the appointment of the commissioner did not preclude the giving of a mortgage by Ponton in respect to her interest in the real estate.

This is a question of first impression in this state, but it has been held in other jurisdictions that a cotenant's share of real estate may be mortgaged or alienated even after a commissioner has been appointed pursuant to a partition procedure. In such a case the mortgage lien would attach to the proceeds of the sale, and the purchaser from the commissioner would take the property discharged from the lien. *See Hoover v. Materi,* 515 S.W.2d 406, 408 (Tex.Civ.App.1974); *see also generally* Annotation, *Partition as affecting pre-existing mortgage or other lien on undivided interest,* 93 A.L.R. 1267, 1284 (1934).

Consequently we are of the opinion that the trial justice was correct in holding that the mortgages of Ponton's interest in the property pending sale by the commissioner were valid and attached after the sale to the proceeds.

Therefore, the appeal of the trustee in bankruptcy is denied, and the judgment of the Superior Court is affirmed.