## M. L. STRATTON ET AL. v. VOLNEY ROBINSON, JR.

### Decided February 1, 1902.

**1.—Husband and Wife—Deed—Community Property.**

The legal title to land which was community property was vested in the husband, and he conveyed an undivided half of the land to the wife as her separate property. Afterward the husband and wife together conveyed "our undivided interest of one-half" in the land to another, who on the same day and for the same recited consideration conveyed it to the husband. Held, that the deed conveyed the community half interest, and not the wife's separate estate.

**2.—Same—Separate Property—Husband's Life Estate—Foreclosure Sale.**

The life estate which the husband has in lands the separate estate of his deceased wife will pass to the purchaser at a foreclosure sale by the trustee in a deed of trust on the land executed by the husband.

Appeal from Johnson. Tried below before Hon. Wm. Poindexter.

*Henry, Brown & Patton* and *Holloway & Holloway,* for appellants.

*L. B. Davis,* for appellee.

BOOKHOUT, ASSOCIATE JUSTICE.—1. Volney Robinson, Jr., sued M. L. Stratton and others in trespass to try title to an undivided one-half of 160 acres of land. The plaintiff had judgment and the defendants appeal.

2. The land was the community property of Volney Robinson, Sr., and Josephine Robinson, the legal title being in the husband. In 1878 Volney Robinson conveyed an undivided one-half to his wife, Josephine. In 1881, by a deed duly acknowledged as required in a conveyance of the wife's separate estate, Volney and Josephine Robinson conveyed "our undivided interest of one-half" to one Haley. On the same day and also for the same consideration Haley conveyed the half interest to Volney Robinson. Josephine Robinson died in 1881. In 1882 Volney Robinson qualified as survivor of the community and inventoried the 160 acres as community property. In 1883, and again in 1888, Volney Robinson executed deeds of trust on the land. The second deed of trust was foreclosed and the defendants claim under the purchaser. The plaintiff is the only child of Josephine Robinson, and claims a one-half interest as the separate property of his mother.

3. That part of the deed from Robinson and wife to R. O. Haley material to the consideration of the case reads: "State of Texas, County of Johnson: Know all men by these presents, that we, Volney Robin-

son and Josephine Robinson, of Tarrant County, and State of Texas, in consideration of $350 to us in hand paid by R. O. Haley, have granted, sold and conveyed, and by these presents do grant, sell and convey to the said R. O. Haley, of the county of Johnson, and State of Texas, all that certain tract or parcel of land lying and being in the county of Johnson, and State of Texas, the same being our undivided interest, according to quality and improvements, of one-half of the following described property, to wit:" Then follows the boundaries of the said 160 acres.

*Opinion.*—1. The conveyance from Robinson and wife to Haley and from Haley back to Robinson were made on the same day and describe the same land and recite the same consideration, which indicates that the consideration therein named was merely nominal and formal. There was no evidence outside of these recitations that any consideration was in fact paid. It is disclosed by the evidence that at the time of making these deeds Mrs. Josephine Robinson owned an undivided one-half. interest in the 160 acres of land, and that the title to the other undivided half interest was in the husband Volney Robinson, who held it for the community. We think it may be conceded that the language of the deed is broad enough to embrace either undivided interest. The question arises, which undivided interest did the parties intend to convey to Haley?

Prior to 1878 the title to the entire 160 acres survey was in the husband, who held it for the community. By his deed made in that year to Josephine Robinson, his wife, an undivided one-half interest was conveyed to her. The effect of this conveyance was to make the interest so conveyed the separate property of the wife. The undivided interest not conveyed remained community property. Thus it will be seen that after this conveyance the interest of Mrs. Robinson in the survey was much greater than that of her husband. The title to the 160 acres stood in this condition when the transaction took place in 1881 which resulted in the conveyance to Haley and the reconveyance by him to Volney Robinson. In view of the circumstances surrounding the parties and title, we think the inference arises that it was the intention of Volney Robinson and his wife Josephine to make their interest in this tract of land equal. It does not appear that they owned any other land. The interest of the husband and wife could have been made equal by restoring the wife's separate interest, conveyed to her in 1878, to the community. But it has been held that the deed of a married woman, joined in by her husband and duly acknowledged, to a trustee for her separate property, and a deed by the trustee to her husband made for the purpose of converting her separate property to community property, is ineffectual for that purpose. Kellett v. Trice, 3 Texas Ct. Rep., 792. The wife, joined by her husband, can convey her separate property to a trustee to be by him conveyed to the husband with the intention of making the same his separate property. Riley v. Wolfson, 86 Texas, 240.

But such a construction placed on the conveyance to Haley and his conveyance to Volney Robinson would defeat the intention of the parties, as it would make the interest of the husband in the land much greater than that of the wife. We conclude that it was the intention of the grantors in the conveyance to R. O. Haley to convey their community interest in the 160 acres survey to Haley to be by him reconveyed to Volney Robinson, Sr., for the purpose of making it his separate property. The recitation in the conveyance from Robinson and wife to Haley, "our undivided interest of one-half," is a circumstance supporting this conclusion. We think this conclusion carries out the intention of the parties, in that the husband and wife each became entitled to an undivided one-half interest in said survey as the separate property of each.

2. Upon the death of Josephine Robinson, her surviving husband, Volney Robinson, Sr., inherited a life estate of one-third in her land, and this life estate the appellants are entitled to by reason of the deed of trust executed by Volney Robinson, Sr., and its foreclosure by the trustee, and his conveyance to the purchaser, and the conveyance by the purchaser to appellants. The judgment in favor of appellee for one-half of the 160 acres of land should have been made subject to the life estate of Volney Robinson, Sr.

The judgment will be reformed and here rendered in accordance with this opinion. When the case was originally decided the case of Kellett v. Trice, supra, had not been decided by the Supreme Court. In view of the opinion in that case we have granted the appellee's motion for a rehearing and our original opinion is withdrawn, and this opinion will stand as the opinion of the court.

*Rehearing granted; reformed and affirmed.*

Writ of error refused.