B. LIZZIE DAVIS V. IRA DAVIS, AS TRUSTEE AND NEXT FRIEND ET AL.

No. 8142.  Decided November 24, 1943.
(175 S. W., 2d Series, 226.)

*Upton, Upton & Baker,* of San Angelo, for petitioners.

It was error for the Court of Civil Appeals to hold that in a voluntary agreement between a husband and a wife to covert community property into the separate property of each, where deeds are executed for the purpose of making such division, the deed to the husband through a trustee describing a one-half interest and the deed from the husband to the wife described the other half, that the deed to the husband could be construed as a deed conveying to the husband the wife's separate property and the deed to the wife would be construed as not conveying any property because she already owned it. Hudgins v. Sansom, 10 S. W. 105; Davis v. Agnew, 2 S. W. 376; McDonald v. Stevenson, 245 S. W. 777.

*W. A. Wright, C. H. Tupper, D. I. Durham* and *R. G. Hughes,* all of San Angelo, for respondents.

Where the transaction conveying an interest in land is so ambiguous that it cannot be determined just what interest in the land was to be conveyed, parol evidence is admissible to explain the transaction and to determine what was meant by the

conveyance. Rhoden v. Bergman, 75 S. W. (2d) 993; McCormick & Ray on Evidence 1018, sec. 751.

MR. JUDGE SMEDLEY of the Commission of Appeals delivered the opinion for the Court.

The subject matter of the controversy herein is an undivided one-half interest in three tracts of land in Coke County. Respondents Williams, as executor of the estate of Jeff D. Davis, deceased, and Ira Davis, as trustee and next friend of Edward Rue Davis, to whom Jeff D. Davis conveyed and devised an undivided one-half interest in the three tracts of land, sued petitioner Mrs. B. Lizzie Davis, the surviving wife of Jeff D. Davis, for the title and possession of the one-half interest. The district court, after trial before a jury, sustained Mrs. Davis' motion to strike from the record the testimony of the witness Judge W. A. Wright, and her motion to withdraw the case from the jury and for judgment in her favor and rendered judgment that respondents take nothing by their suit. The Court of Civil Appeals reversed the judgment of the district court and remanded the cause, holding that the stricken testimony was admissible as an aid in the construction of the three deeds executed January 2, 1935. The opinion of the Court of Civil Appeals has not been published.

Prior to 1903 the three tracts of land were the community property of Jeff D. Davis and his wife, B. Lizzie Davis. On February 14, 1903, Jeff D. Davis conveyed the three tracts of land, the entire interests in them, to B. Lizzie Davis. The deed recites a consideration of $1,040.00 advanced in cash by Mrs. Davis to her husband out of her own separate estate, and further that the land is conveyed to her "to and for her separate, individual use and benefit." On January 2, 1935, three deeds were executed. One of these is by B. Lizzie Davis and Jeff D. Davis to Elizabeth Passow. It conveys an undivided one-half interest in the three tracts of land and recites a cash consideration of $10.00 paid, and the further consideration that the said undivided one-half interest shall be conveyed by Mrs. Passow and her husband to Jeff D. Davis as his separate estate. The second of the three deeds were executed by Elizabeth Passow and her husband and conveys an undivided one-half interest in the three tracts of land to Jeff D. Davis "as his separate estate." The deed recites a cash consideration of $10.00 and the "further consideration of carrying into effect the will of B. Lizzie Davis as expressed in her deed to Elizabeth Passow of even date herewith." The third of the three deeds executed January 2,

1935, is a warranty deed from Jeff D. Davis to B. Lizzie Davis. It contains the following recitals:

"That Whereas, to-wit, on the 27th day of July, 1905, the undersigned Jeff D. Davis, did convey to his wife, B. Lizzie Davis, the following described lands situated in Coke County, Texas, to-wit: (Describing the three tracts of land)

"And, Whereas, the said B. Lizzie Davis has had conveyed to me an undivided one-half interest in and to said lands above described, as my separate individual property;

"NOW THEREFORE, I do, by these presents grant, bargain and sell unto the said B. Lizzie Davis, and do hereby give to her in presenti an undivided one-half interest in and to the lands herein above described."

The substance of the testimony of Judge W. A. Wright, admitted over petitioner's objection and later stricken on her motion, is as follows: Jeff D. Davis, his wife, B. Lizzie Davis, and Elizabeth Passow came to his office and asked him "to prepare some deeds." Jeff Davis said "he wanted to divide the land by two deeds between him and his wife." "Jeff Davis and Mrs. Davis wanted to divide the property, and they insisted and Mrs. Passow said that a wife could not convey to her husband, and to please them I wrote it that way." He identified the three deeds dated January 2, 1935, and testified that they were prepared at the same time and executed and delivered the same day. Before the deeds were prepared they told him that Jeff Davis had killed a man and was tried for murder; that some of the heirs of the dead man were talking about suing them; that the deed of 1903 from Jeff Davis to Mrs. Davis was executed "so that if they brought suit they could not find anything to get the money out of, and it was not really intended to convey the property to Mrs. Davis, and now they wanted to divide the property half and half as it ought to be." The deed of January 2, 1935, from Jeff Davis to his wife was prepared and executed "because their statements to me were an acknowledgement that title had never passed and by these deeds one half was conveyed to Jeff Davis and the other half to Mrs. Davis." Jeff Davis and Mrs. Davis were present when it was stated with reference to the deed from Jeff Davis to his wife that he was conveying only his one-half interest. "The reason the deeds were made in a round-about way; Mrs. Passow said that was the way they wanted it—they were better lawyers than I was— and I made it that way." The agreement made was "that I would write a deed to the Passows and they would convey to Jeff

Davis a half interest in the land and that Jeff Davis was to write a deed to his wife and convey the other half."

Petitioner's motion alleged as grounds for striking the testimony that it is inadmissible as to the deed of 1903 because that deed is contractual and the recitations in it are plain and unambiguous and it cannot be altered, varied or contradicted by oral testimony; and that the testimony is inadmissible as to the three deeds of January 2, 1935, because there is no ambiguity in any of the deeds and testimony is admissible to vary, alter or contradict the provisions of the deeds or to show a different intent from that expressed therein, and that the legal effect of the deeds cannot be changed or altered by parol evidence.

■ The Court of Civil Appeals correctly held that by the deed from her husband executed in 1903 Mrs. B. Lizzie Davis acquired title to the entire interest in the three tracts of land as her separate property and that the parol evidence, contradictory of the stipulations in the deed as to the character of the estate conveyed and offered to prove that the deed was not intended to convey the land to Mrs. Davis, was inadmissible. Kahn v. Kahn, 94 Texas 114, 58 S. W. 825; Kahle v. Stone, 95 Texas 106, 111, 65 S. W. 623; McKivett v. McKivett, 123 Texas 298, 70 S. W. (2d) 694.

Respondents offered in evidence, in proof of title, the deed from Jeff D. Davis to Mrs. Davis executed February 14, 1903, the deed dated January 2, 1935, from Mrs. Davis, joined by her husband, conveying an undivided one-half interest in the three tracts of land to Mrs. Passow, and the deed dated January 2, 1935, by Mrs. Passow and her husband to Jeff Davis conveying to him as his separate estate an undivided one-half interest in the three tracts. These deeds proved ownership of an undivided one-half interest in the land by Mrs. Davis as her separate estate and ownership of the other undivided interest by Jeff Davis as his separate estate. Respondents did not offer the third deed of January 2, 1935, that by which Jeff Davis conveyed to Mrs. Davis an undivided one-half interest in the land. After petitioner offered the deed last mentioned respondents offered the parol evidence, the substance of which has been stated, in support of their allegations that Davis and his wife executed and caused to be executed the three deeds of January 2, 1935, "for the sole purpose of dividing said lands between themselves and each owning an undivided one-half interest therein" and that the deed of January 2, 1935, from Jeff D. Davis to his wife did not convey and was not intended to convey to her the one-half interest that Mrs. Passow conveyed to him.

The opinion of the Court of Civil Appeals, holding the stricken testimony admissible as an aid in the construction of the three deeds of January 2, 1935, concedes that in so holding it has construed a conveyance, the deed from Davis to his wife, to apply to an interest that the grantor did not own rather than to an interest that he did own. Respondents, in their answer to the application for writ of error, take the position that the entire transaction of January 2, 1935, "is beclouded with ambiguity" to such extent that the parol evidence is admissible to prove that the interest sought to be conveyed by the third deed was "the undivided one-half interest which Jeff D. Davis believed himself to have title to because of the assumed ineffectiveness and invalidity of the deed from himself to his wife dated February 14, 1903."

It is our opinion that to sustain the ruling of the Court of Civil Appeals and the contention of respondents would be to permit the admission of extrinsic evidence either to contradict the plain legal effect of the three deeds or to render wholly ineffective the deed from Jeff D. Davis to his wife conveying the undivided one-half interest. This cannot be done in the absence of allegations of fraud, accident or mistake in the preparation or in the execution of the written instrument. There is no such pleading in this case. "It is well settled that the legal effect of a deed cannot be varied simply by showing that the grantor misunderstood the legal effect of its terms, or intended a different effect from that which the language of the instrument imports." Rogers v. Rogers (Com. App.) 15 S. W. (2d) 1037. See also Cauble v. Worsham, 96 Texas 86, 93, 70 S. W. 737, 97 Am. St. Rep. 871; Lindly v. Lindly, 102 Texas 135, 144, 113 S. W. 750; Murphy v. Dilworth, 137 Texas 32, 151 S. W. (2d) 1004; McCormick & Ray's Texas Law of Evidence, p. 989, Sec. 739a.

There is no ambiguity in the three deeds executed January 2, 1935. By the first two deeds Mrs. Davis, through Mrs. Passow, conveyed to her husband, Jeff D. Davis, as his separate estate, an undivided one-half interest in the land. The third deed was a warranty deed by which Jeff D. Davis conveyed to Mrs. Davis an undivided one-half interest in the land. He had no interest except the one-half interest conveyed to him on the same day by Mrs. Davis through Mrs. Passow. Necessarily, the effect of his deed to Mrs. Davis was to convey that one-half interest to her and thus divest himself of all interest in the land. The parties accomplished nothing by the execution and delivery of the three deeds, but it is better to attribute futility to their

acts than to give the deeds a legal effect different from that which the language of the instruments imports.

There is an important difference between the facts in Stratton v. Robinson, 28 Texas Civ. App., 285, 67 S. W. 539 (application for writ of error refused), cited by respondents, and the facts in this case. There an undivided one-half interest in the land was owned by the husband and wife as community property, and the other undivided one-half interest was owned by the wife as her separate property. The husband and wife executed a deed to one Haley conveying "our undivided interest of one-half." The court held, considering extrinsic facts, that it was the intention of the grantors to convey the undivided interest that they owned in common rather than the interest owned by the wife as her separate property. In that case there were two undivided one-half interests that the grantors could convey and the description in the deed could be applied to either of them. Here, as has been said, the grantor Jeff Davis had no other interest in the land than the undivided one-half interest that was conveyed to him by Mrs. Passow's deed.

Respondents alleged in their petition that by judgments rendered by the county court and the district court of Coke County and affirmed by the Court of Civil Appeals (Davis v. Williams, 144 S. W. (2d) 445) in a proceeding contesting the will of Jeff D. Davis, the question as to the intention of the parties in the execution of the three deeds of January 2, 1935, was determined, and they pleaded those judgments, particularly that of the Court of Civil Appeals, as res judicata of the question.

■ The record in this case does not contain a copy of any of the judgments in the proceeding contesting the will and does not show that respondents offered any proof of the judgments or of the pleadings in that proceeding. Respondents had the burden of proving the existence and contents of the judgment or judgments upon which they relied as res judicata or as conclusive of an issue. Taylor v. Shelton, 63 Texas Civ. App., 626, 134 S. W. 302 (application for writ of error refused); Short v. Blair & Hughes Co., 230 S. W. 427; Trent v. Kennedy, 109 S. W. (2d) 327; Oklahoma v. Texas, 256 U. S. 70, 41 Sup. Ct. 420, 65 L.ed. 831, 834-835; Note 96 A. L. R. pp. 944-953; 26 Texas Jurisprudence, pp. 339-340, Secs. 509-510, pp. 343-344, Sec. 512.

The decision of the Court of Civil Appeals in the will contest case, Davis v. Williams, 144 S. W. (2d) 445, is not authority in this case. In that case the Court of Civil Appeals

held that the four deeds and the parol evidence explaining the circumstances under which they were executed were admissible "not for the purpose of showing who actually had title under the deeds, but as circumstances which the jury might take into consideration in testing the knowledge and understanding of testator as to the nature and extent of his property, which was an incident the jury might consider in testing the mental capacity of testator to dispose of it by will." The expressions in the opinion of the Court of Civil Appeals as to the purpose and intention of the parties disclosed by the parol evidence are preceded by the statement that objection was not made to the oral testimony as to the three deeds executed January 2, 1935.

■ Respondents, pleading in the alternative, alleged that it was the intention of Jeff D. Davis and B. Lizzie Davis to divide the land between them and that the deeds of January 2, 1935, should be so reformed as to show that they "were in fact a division" between Jeff D. Davis and his wife of the land described in the petition. The prayer of the petition is for the recovery of title and possession of a one-half interest in the land and that if necessary the three deeds be as reformed "as to show an undivided one-half interest in said lands in B. Lizzie Davis, and on more." There are no allegations of fraud, accident or mistake in the drafting or in the execution of the deeds. "It is too well settled to need citation of authorities that a court of equity, in the absence of fraud, accident or mistake, cannot change the terms of a contract." Hedges v. Dixon County, 150 U. S.182, 189, 14 Sup. Ct. 71, 73, 37 L. ed. 1044, 1057; see also Manufacturers' Finance Company v. McKey, 294 U. S. 442, 79 L. ed. 982; 45 Am. Jur. p. 609, Sec. 45. The allegations made in the petition as grounds for reformation amount to nothing more than an averment that the intention of the parties was different from that which the deeds expressed and the parol evidence went no further. There was, therefore, neither pleading nor proof that could serve as the basis for reformation. Rogers v. Rogers, (Com. App.) 15 S. W. (2d) 1037; Sun Oil Co. v. Bennett, 125 Texas 540, 547-548, 84 S. W. (2d) 447.

■ Respondents, invoking Rule 505 of the Texas Rules of Civil Procedure, suggest that the cause should be remanded for trial to the district court; but having found no error in the judgment of the district court, we are not authorized to reverse that judgment in order to afford an opportunity for further development. National Life Co. v. McKelvey, 131 Texas 81, 85, 113 S. W. (2d) 160; Texas Employers Ins. Ass'n. Brandon, 126 Texas 636, 89 S. W. (2d) 982; Scott v. Walker, 141 Texas 181, 170 S. W. (2d) 718, 722.

The judgment of the Court of Civil Appeals is reversed and the judgment of the district court is affirmed.

Opinion adopted by the Supreme Court November 24, 1943.