Joe SHIPMAN, Appellant,

v.

E. D. MILLER et al., Appellees.

No. 6514.

Court of Civil Appeals of Texas.

Amarillo.

Sept. 19, 1955.

Rehearing Denied Oct. 17, 1955.

Storey, Storey & Donaghey, Vernon, for appellant.

Sam B. Spence and James D. Rexford, Wichita Falls, for appellees.

NORTHCUTT, Justice.

Plaintiffs, E. D. Miller and J. D. Banks, doing business under the trade name of Miller & Banks, brought this action originally to recover judgment in the sum of $10,700.54 against the defendants, W. P. Durbin and Joe Shipman. Plaintiffs were drilling contractors and entered into a written agreement with defendants, W. P. Durbin and Joe Shipman, to drill an oil well upon what was designated as the Eggleston lease, Wilbarger County, Texas, located approximately one mile southwest of Vernon, Texas. During the trial of the case, after all parties had closed, the trial judge withdrew the case from the jury and granted judgment for the plaintiffs as against W. P. Durbin and Joe Shipman for the sum of $10,700.54.

There is no question raised in this case about the plaintiffs not completing the well as agreed and neither is there any question raised as to the correctness of the amount still unpaid as specified in the agreement. W. P. Durbin did not appeal from the judgment. Joe Shipman alone appealed from the judgment of the trial court. Neither does Joe Shipman deny signing the instrument sued upon but merely contends that he was not to be held liable as set out in the written agreement and that such purported written contract was not sufficient to show any liability on the part of appellant and that he would not have signed the same if he were to be liable upon such agreement.

The written agreement stated the contractor (Miller & Banks were contractors) agreed to drill said well, etc., and operator agreed to pay for said drilling at a specified rate and the agreement was signed by both W. P. Durbin and Joe Shipman where they stated they approved the agreement.

 No other reasonable conclusion could be reached under the record in this cause than that appellant, Joe Shipman, agreed to pay as pleaded by appellees because there is no question but what he signed the agreement and in the absence of pleading of fraud, accident or mistake in the preparation or in the execution of the written instrument, there can be no extrinsic evidence to defeat the instrument. We believe that this rule has been so well established in this state that there can be no other reasonable conclusion reached. Davis v. Davis, 141 Tex. 613, 175 S.W.2d 226. Appellant's assignment of error is overruled. Judgment of the trial court is affirmed.