MARY'S OPINION HEADING 









                                                NO.
12-05-00179-CV

 

IN THE COURT OF APPEALS 

 

TWELFTH COURT OF APPEALS
DISTRICT

 

TYLER,
TEXAS

DANIEL N. JOHNSON, AS            §                      APPEAL
FROM THE 

INDEPENDENT
EXECUTOR OF

TOMMYE
C. STRINGFIELD ESTATE,

APPELLANT

 

V.        §                      COUNTY
COURT AT LAW

 

RUSSELL
DRIVER, AS TRUSTEE OF

THE
BILLIE HOLCOMB LIVING TRUST,

APPELLEE   §                      HENDERSON COUNTY, TEXAS

                                                                                                                                                           


OPINION

            This is an appeal from a summary judgment for Russell
Driver, Trustee of the Billie Holcomb Living Trust, plaintiff/appellee,  in a declaratory judgment action in which the
determining issue is the legal effect of a deed.  The defendant/appellant, Daniel N. Johnson,
Independent Executor of the Tommye C. Stringfield Estate, presents one issue
complaining that the trial court erred in granting summary judgment.  We affirm.

 

Background








            Russell Driver, Trustee of the Billie Holcomb Living
Trust, filed both traditional and no evidence motions for summary
judgment.  Driver sought summary judgment
on the ground that a 1979 deed from Lillian Edge to Tommye C. Stringfield
proved a conveyance of land was a sale in that the deed unambiguously recites
that Lillian Edge “granted, sold, and conveyed” the subject property “in
consideration of ten dollars and other valuable consideration.”  Therefore, Driver contended, the property
became a part of the community estate of Tommye and Leon Stringfield.  According to Driver, upon the intestate death
of Leon Stringfield, an undivided one-half interest in the property passed to
his only child, a daughter of a prior marriage, Billie Holcomb.  Driver further contended that upon the death
of Billie Holcomb, the undivided one-half interest passed to the Billie Holcomb
Living Trust and that, therefore, the Billie Holcomb Living Trust is now the
fee simple owner of an undivided one-half interest in the property.

            Driver’s summary judgment motion recited that it was
supported by the following proof included in the appendix:

a.         Warranty
deed from Lillian Edge to Tommye C. Stringfield;

b.         Affidavit
of Heirship and Marital History of Leon Stringfield;

c.         Last
Will and Testament of Billie Holcomb; and

d.         Attorney’s
Fees Affidavit of Jamey L. Voge.

However, none of the appendices
referred to in the motion were attached to the summary judgment.  Apparently the failure to attach the
documents to the motion filed with the trial court was inadvertent, because
they were appended to the copy sent to opposing counsel.  Counsel for the nonmovant, Daniel N. Johnson,
Independent Executor of the Tommy C. Stringfield Estate, attached a copy of
movant’s motion for final summary judgment, including appendices a, b, c, and
d, as Exhibit “A” to its response.

            Johnson asserted in his response that, despite the
recitals in the deed to contrary, the conveyance was a gift and therefore did
not become the community property of the marriage of Tommye C. Stringfield and
Leon Stringfield.  Therefore, Johnson
maintained that the Tommye C. Stringfield Estate owns the entire tract.  Johnson, in his response, attached three
affidavits to support his contention that the conveyance was actually a gift
and not a sale as the deed indicated. 
The affidavit of Jessie Lee recited that she notarized the deed in
question and that “Lillian Edge told me on that day that Tommye Stringfield was
not going to pay her for the house because the house was a gift to Tommye
Stringfield.”  Carl “Buster” Stringfield’s
affidavit states that he did repairs on the house while Lillian Edge owned it
and “that I learned that the conveyance was a gift and not a sale of the
property.” He also stated that Ms. Stringfield told him that the house was
given to her by Ms. Edge.  The third
affidavit is by a former owner of the property, Mickye Bristow, who stated that
“I know this transaction to be a gift, and not a sale of the property.”  Driver objected to the admission of the
affidavits on the basis that the statements, where relevant, were hearsay or
legally and factually conclusory and inadmissible.  The trial court did not rule on Driver’s
objections before entering judgment.

            The trial court’s order granting summary judgment does
not state the basis of its ruling.

 

Standard of Review

            A summary judgment is reviewed de novo.  Valence Operating Co. v. Dorsett,
164 S.W.3d 656, 661 (Tex. 2003).  In the
case of a traditional summary judgment, (1) the movant has the burden of
showing that there is no genuine issue of material fact and the movant is
entitled to judgment as a matter of law; (2) in deciding whether there is a
material fact issue precluding summary judgment, evidence favorable to the
nonmovant will be taken as true; and (3) every reasonable inference must be
indulged in favor of the nonmovant, and any doubts must also be resolved in
favor of the nonmovant.  D.
Houston, Inc. v. Love, 92 S.W.3d 450, 454 (Tex. 2002).  Once the movant has established a right to
summary judgment, the nonmovant must respond to the motion for summary judgment
by presenting to the trial court any issues that would defeat the movant’s
right to summary judgment.    City
of Houston v. Clear Creek Basin Auth., 589 S.W.2d 671, 679 (Tex.
1979).  Failing to do so, the movant may
not later assign them as error on appeal. 
Id.  A motion for
summary judgment must present the grounds upon which it is made, and it must
stand or fall on these grounds alone.  See
Tex. R. Civ. P. 166a(c).  Issues not expressly presented to the trial
court by written motion or response to the motion for summary judgment cannot
be considered by an appellate court as grounds for reversal.  Clear Creek Basin Auth., 589
S.W.2d at 674-75; see also Tex.
R. Civ. P. 166a(c).  When the
motion for summary judgment is based on several grounds, and the trial court does
not state the basis for granting the motion, the summary judgment must be
affirmed if any of the theories urged by the movant are meritorious.  FM Props. Operating Co. v. City of
Austin, 22 S.W.3d 868, 872-73 (Tex. 2001).

            A no evidence motion must specifically set forth the
elements of the adverse party’s claim or defense for which there is no
evidence.  Tex. R. Civ. P. 166a(i). 
Upon the filing of the motion, the burden shifts to the nonmovant, who
must present “more than a scintilla of probative evidence to raise a genuine
issue of material fact. . . .”  Jackson
v. Fiesta Mart, Inc., 979 S.W.2d 68, 70-71 (Tex. App.–Austin 1998, no
pet.).  If the nonmovant fails to provide
evidence raising a genuine issue of material fact, the trial court must grant the
motion.  Tex. R. Civ. P. 166a(i). 
A no evidence summary judgment is essentially a pretrial directed
verdict, and the same legal sufficiency standard is applied by appellate
courts.  Texas Capital Sec. Mgmt.,
Inc. v. Sandefer, 80 S.W.3d 260, 264 (Tex. App.–Texarkana 2002, no
pet.).

 

Summary Judgment Proof Not Attached to Motion

            Johnson first contends that the trial court erred in
granting summary judgment because the documentary proof Driver relied on to
support his motion is not found in the record attached to the motion.  Rule 166a(c) provides that a trial court “shall”
grant a summary judgment if the evidence 

 

on
file at the time of the hearing, or filed thereafter and before judgment with
permission of the court, show[s] that, except as to the amount of damages,
there is no genuine issue as to any material fact and the moving party is
entitled to judgment as a matter of law on the issues expressly set out in the motion
or in an answer or any other response. 

 

 

Tex.
R. Civ. P. 166a(c).  The Texas
Supreme Court has held the “Rule 166a(c) plainly includes in the [summary
judgment] record evidence attached either to the motion or to a response.”  Wilson v. Burford, 904 S.W.2d
628, 629 (Tex. 1995).  Since the
evidentiary exhibits referred to in Driver’s motion but not attached to it were
attached to Johnson’s response, they were properly before the court at the time
it ruled.

 

Parol Evidence Admissible

            Johnson argues that the three affidavits appended to his
response contradict the deed’s recitation of a sale and create a fact issue as
to whether the transaction was a gift. 
The extensive objections raised by Driver to the admissibility of
Johnson’s affidavits, Johnson contends, were waived by Driver’s failure to
obtain a ruling thereon before the entry of the summary judgment.  See ABT Galveston L.P. v. Galveston
Cent. Appraisal Dist., 137 S.W.3d 146, 158 n.26 (Tex. App.–Houston [1st
Dist.] 2004, no pet.).  Therefore, the
affidavits are summary judgment evidence even if they are objectionable because
they are not based upon personal knowledge. 
Johnson maintains that the affidavits show that Lillian Edge intended to
give the property to Tommye Stringfield. 
In Johnson’s view, this demonstrates mistake, and parol evidence is
therefore admissible to show her intent.

            The parol evidence rule prohibits the admission of
extrinsic evidence to vary or explain the terms or contradict the legal effect
of an unambiguous written instrument in the absence of a showing of fraud,
accident, or mistake in its preparation. 
Davis v. Davis, 141 Tex. 613, 175 S.W.2d 226, 229
(1943).  There is no claim of ambiguity
in the deed in question, only an assertion that its effect did not conform to
the grantor’s intent.  “It is well
settled that the legal effect of a deed cannot be varied simply by showing that
the grantor misunderstood the legal effect of its terms, or intended a
different effect from that which the language imports.”  Id. (quoting Rogers v.
Rogers, 15 S.W.2d 1037, 1039 (Tex. Comm’n App. 1929, holding
approved)).  “[T]he controlling intention
is not the subjective intent the parties may have had but failed to express,
but the intent actually expressed in the deed . . . .”  Prairie Producing Co. v. Schlacter,
786 S.W.2d 409, 412 (Tex. App.–Texarkana 1990, writ denied).  “Only if the intention of the parties as
expressed on the face of the document is doubtful may the court resort to
parol evidence to resolve the doubt.”  Massey
v. Massey, 807 S.W.2d 391, 405 (Tex. App.–Houston [1st Dist.] 1991,
writ denied).  The Massey court
addressed the same issue before this court, as follows:

 

Under
the express language of these documents, which recite consideration, the
transfers of property, which occurred during the parties’ marriage, were
bargained-for exchanges.  Appellant did
not plead that the documents were ambiguous; no evidence of ambiguity was
introduced.  Nevertheless, appellant
offered the testimony of his brother and his mother that, contrary to the terms
of the documents, the transactions were actually intended to be gifts and were
treated as gifts but were made to look like credit transactions in order to
avoid gift taxes.  Under the parol
evidence rule, the trial court correctly excluded the testimony.

 

 

Id.  When there is no ambiguity present, it is
clear that a grantor’s mistake as to the legal effect of what he or she signed
is not the kind of mistake that will avoid the bar of the parol evidence
rule.  See id.

            The parol evidence rule is not a rule of evidence, but a
rule of substantive law that bars the court from consideration of evidence
violative of the rule, even though it is admitted without objection.  Hubacek v. Ennis State Bank,
159 Tex. 166, 317 S.W.2d 30, 32 (1958); King v. Fordice, 776
S.W.2d 608, 612 (Tex. App.—Dallas 1989, writ denied).  It is said that “[e]vidence admitted in
violation of the rule is incompetent and without probative force, and it cannot
properly be given legal effect.”  Ross
v. Stinnett, 540 S.W.2d 493, 495 (Tex. Civ. App.–Tyler 1976) (quoting Miami
Petroleum Co. v. Neal, 333 S.W.2d 876, 879 (Tex. Civ. App.–El Paso
1960, writ ref’d n.r.e.)).

            Even assuming the affidavits relied upon by Johnson were
part of the summary judgment evidence, the parol evidence rule prevented the
trial judge from giving them any legal effect. 
There is therefore no evidence of probative force showing that the
conveyance from Lillian Edge to Tommye Stringfield was other than a sale.  Upon the sale, the property became part of the
community estate of Leon and Tommye Stringfield.  Upon Leon Stringfield’s death intestate, a
one-half undivided interest in the tract passed to Leon Stringfield’s
successors in interest.  The summary
judgment record shows there was no genuine issue as to any material fact and
that Driver was entitled to judgment as a matter of law.  The trial court did not err in granting
Driver’s traditional summary judgment motion. 
Therefore, we need not address Driver’s no evidence summary judgment
motion.  See Tex. R. App. P. 47.1.

 

Disposition

            Appellant’s sole issue is overruled, and the judgment of
the trial court is affirmed. 


 

                                                                                                    BILL BASS 
  

                                                                                                            Justice

 

 

Opinion
delivered June 30, 2006.

Panel
consisted of Worthen, C.J., Griffith, J., and Bass, Retired Justice, Twelfth
Court of Appeals, Tyler, sitting by assignment.

 

 

 

 

 

 

 

(PUBLISH)