**COMUNIDAD BALBOA, LLC, Appellant,**

v.

**CITY OF NASSAU BAY, Appellee.**

**No. 14–10–00167–CV.**

Court of Appeals of Texas, Houston (14th Dist.).

July 21, 2011.

Rehearing En Banc Overruled Oct. 19, 2011.

Michael W. Eaton, Southlake, for appellant.

Judith A. Hargrove, Austin, for appellee.

Panel consists of Justices ANDERSON, SEYMORE, and McCALLY.

## OPINION

CHARLES W. SEYMORE, Justice.

Comunidad Balboa, LLC ("Comunidad Balboa") appeals the trial court's order granting the City of Nassau Bay's ("the City") motion for summary judgment and denying Comunidad Balboa's motion for summary judgment. We reverse and remand.

### I. BACKGROUND

Comunidad Balboa was formed in 2003 as a wholly owned subsidiary of Comunidad Corporation. In December 2003, Comunidad Corporation, through nine wholly owned limited liability companies (including Comunidad Balboa), purported to purchase nine apartment complexes from nine limited partnerships ("the Limited Partnerships"). As part of the transaction, Comunidad Balboa purported to purchase an apartment complex located in the City from Balboa Partners, Ltd. ("Balboa Partners").

In 2004, Comunidad Balboa applied for an *ad valorem* tax exemption for the apartment complex for 2004 and part of 2003 pursuant to section 11.182 of the Tax Code. *See* Tex. Tax Code Ann. § 11.182 (West 2008). Harris County Appraisal District ("HCAD") granted the exemption, and the City filed a protest with the Harris County Appraisal Review Board ("HCARB"). Following a hearing, HCARB affirmed the exemption. The City then filed a petition for de novo review in the district court. The district court entered a default judgment against Comunidad Balboa. However, we reversed the default judgment and remanded for further proceedings. *Balboa v. City of Nassau Bay*, No. 14–07–00259–CV, 2008 WL 442583 (Tex.App.-Houston [14th Dist.] Feb. 19, 2008, no pet.) (mem. op.). On remand, both parties filed competing motions for summary judgment. The district

court granted the City's motion and denied Comunidad Balboa's motion.

## II. PROPERTY-TAX EXEMPTION

In its first and second issues, Comunidad Balboa contends the trial court erred by granting the City's motion for summary judgment and denying Comunidad Balboa's motion. Specifically, Comunidad Balboa argues the trial court erred by determining the evidence conclusively established that Comunidad Balboa is not entitled to a tax exemption under section 11.182.

### A. Standard of Review and Applicable Law

■ In a traditional motion for summary judgment, the movant must show there is no genuine issue of material fact and he is entitled to judgment as a matter of law. Tex.R. Civ. P. 166a(c); *Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 548 (Tex.1985). We review a summary judgment de novo. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex.2005). We take as true all evidence favorable to the nonmovant, indulging every reasonable inference and resolving any doubts in the nonmovant's favor. *Id.* When both parties move for summary judgment on the same issues and the trial court grants one motion and denies the other, we review the summary-judgment evidence presented by both parties, determine all questions presented, and render the judgment the trial court should have rendered. *Id.* We may consider evidence presented by both parties in determining whether to grant either motion. *See Knighton v. Int'l Bus. Machs. Corp.*, 856 S.W.2d 206, 208–09 (Tex.App.-Houston [1st Dist.] 1993, writ denied); *River Oaks Shopping Ctr. v. Pagan*, 712 S.W.2d 190, 193 (Tex.App.-Houston [14th Dist.] 1986, writ ref'd n.r.e.).

Section 11.182 provides an *ad valorem* tax exemption for certain community housing development organizations ("CHDO") that *own* property for the purpose of building or repairing housing for sale or rental to low- and moderate-income individuals or families. Tex. Tax Code Ann. § 11.182(b). However, a CHDO "may not receive an exemption under Subsection (b) ... for property for a tax year unless the organization received an exemption under that subsection for the property for any part of the 2003 tax year." *Id.* § 11.182(j). Thus, a CHDO must have received the tax exemption in 2003 to be eligible for the exemption in subsequent years.

### B. Analysis

■ In its motion for summary judgment, the City argued that the evidence conclusively negated Comunidad Balboa's entitlement to a tax exemption because it did not own the subject apartment complex in 2003. If true, subsections 11.182(b) and (j) prohibited Comunidad Balboa from receiving the exemption in 2003 or any subsequent year. Accordingly, we must determine whether the evidence conclusively negated Comunidad Balboa's ownership of the apartment complex during any portion of 2003.

A "special warranty deed" dated December 30, 2003, in which Balboa Partners purported to convey the apartment complex to Comunidad Balboa, is included in the evidence. In a certificate of delivery signed December 30, 2003, the Limited Partnerships and Comunidad Corporation acknowledged delivery of the warranty deeds and conveyances of the apartment complexes. The evidence also includes a promissory note in which Comunidad Corporation agreed to pay the Limited Partnerships' trustee the designated purchase price for the apartment complexes. In a December 30, 2003 agreement between the

Limited Partnerships and Comunidad Corporation (collectively referred to as the "Transaction Parties"), they recognized execution and delivery of the promissory note, deeds conveying property, and certificates of delivery. The Transaction Parties also executed deeds reconveying the property to the Limited Partnerships if certain conditions were not fulfilled and recognized certificates of delivery for these reconveyance deeds. The documents pertaining to conveyance and reconveyance were collectively described as the "Transaction Documents." The transfer of the apartment complexes pursuant to the conveyance deeds was described as the "Transaction." The conditions were outlined as follows:

> Sellers and Buyer acknowledge that certain benefits will be derived from the Transaction. Sellers and Buyer also acknowledge that the benefits to be derived from the Transaction are inherently conditional, and that, as such, *if such conditions are not met, the Transaction will need to be nullified and made of no further force and effect.* Those conditions include the granting of ad valorem tax exemptions by [HCAD] on each Apartment Complex, and the approval of the Transaction by each current lender ... of each Apartment Complex constituting the Property. The Transaction Documents will be held in escrow pending the occurrence, if ever, of these conditions.

> Seller and Buyer are executing this Agreement in order to set forth the *conditions which must occur in order for the Transaction to be fully consummated* and the [conveyance deeds] to be delivered out of escrow to Buyer and filed of record in the Real Property Records of Harris County, Texas, and to set forth the procedure to nullify the Transaction if such conditions are not met.

(emphasis added). The agreement also contained the following provisions:

> Upon consummation of the Transaction, each Seller will deliver to Buyer the [conveyance deeds] along with the [certificates of delivery]. The [conveyance deeds] will be held in escrow by Buyer's and Sellers' counsel and not filed of record in Harris County, Texas, until the [conditions] have been satisfied.... Upon consummation of the Transaction, Buyer will deliver to each Seller the [reconveyance deeds] along with the [certificates of delivery for the reconveyance deeds].

In construing a contract, we must ascertain the true intentions of the parties as expressed in the writing. *J.M. Davidson, Inc. v. Webster,* 128 S.W.3d 223, 229 (Tex.2003). We must examine and consider the entire writing in an effort to harmonize and give effect to all of its provisions so that none will be rendered meaningless. *Id.* Additionally, when parties execute multiple written agreements to complete a transaction, we attempt to find harmony between and within the agreements in determining the parties' intent. *See Fort Worth Indep. Sch. Dist. v. City of Fort Worth,* 22 S.W.3d 831, 840 (Tex.2000); *Harris v. Rowe,* 593 S.W.2d 303, 306–07 (Tex.1979). Moreover, we may determine, as a matter of law, that multiple documents comprise a written contract. *Fort Worth Indep. Sch. Dist.,* 22 S.W.3d at 840. A contract is not ambiguous if it is so worded that it can be given a definite or certain legal meaning. *Wal–Mart Stores, Inc. v. Sturges,* 52 S.W.3d 711, 728 (Tex.2001). Conversely, a contract is ambiguous if its language is subject to two or more reasonable interpretations. *See Monsanto Co. v. Boustany,* 73 S.W.3d 225, 229 (Tex.2002). However, an ambiguity does not arise simply because the parties advance conflicting interpreta-

tions of the contract. *Sturges*, 52 S.W.3d at 728. Rather, for an ambiguity to exist, both interpretations must be reasonable. *Id.* We should not strain to find an ambiguity in a contract if, in doing so, we defeat the probable intentions of the parties. *Licata v. Licata*, 11 S.W.3d 269, 277 (Tex.App.-Houston [14th Dist.] 1999, pet. denied).

Construing the Transaction Parties' agreement and the Transaction Documents together, and giving effect to all provisions, we conclude ambiguity exists regarding the Transaction Parties' intent to convey the property on a date certain. One reasonable interpretation of the agreement is that the conveyance deeds were executed and delivered to Comunidad Corporation in December 2003 to be held in escrow by Comunidad Corporation's counsel pending fulfillment of two conditions—HCAD's grant of a tax exemption for each apartment complex and the lenders' approval of each conveyance.[1] A grantee generally acquires equitable title to property when the deed is placed in escrow, and equitable title may support ownership for taxation purposes. *See Tex. Turnpike Co. v. Dallas Cnty.*, 153 Tex. 474, 478, 271 S.W.2d 400, 402 (1954). However, a grantee does not acquire equitable title if it does not have a present right to compel legal title, and a grantee does not have a present right to compel legal title when performance of conditions for conveyance is dependent on someone other than the grantee. *Id.* Here, performance of the conditions was dependent on HCAD and the lenders. Therefore, if the conveyance deeds were escrowed, neither Comunidad Corporation nor Comunidad Balboa owned legal or equitable title to the apartment complex in 2003.

Conversely, another reasonable interpretation of the agreement is that the Transaction Parties—notwithstanding their use of the term "escrow"—actually intended that (1) legal and equitable title to the apartment complexes pass to Comunidad Corporation in December 2003, (2) Comunidad Corporation would not file the deed in the real property records until the two conditions were satisfied,[2] and (3) Comunidad Corporation would reconvey any apartment complex for which the conditions were not satisfied. We recognize that "the legal effect of a deed cannot be varied simply by showing that the grantor misunderstood the legal effect of its terms, or intended a different effect from that which the language imports." *Davis v. Davis*, 141 Tex. 613, 618, 175 S.W.2d 226, 229 (1943) (quoting *Rogers v. Rogers*, 15 S.W.2d 1037, 1039 (Tex. Comm'n App.1929, holding approved)). However, certain language in the agreement creates ambiguity regarding the intended effect of the term "escrow." The Transaction Parties executed reconveyance deeds, which obviously

---

1. We acknowledge that no escrow occurs when a deed is delivered to the grantee or his attorney if the deed does not contain language conditioning conveyance on some event; instead, the deed is effective and the grantee holds title. *See Puckett v. Hoover*, 146 Tex. 1, 3, 202 S.W.2d 209, 210 (1947). However, if a deed was physically delivered to Comunidad Balboa or its counsel in December 2003, an escrow may have occurred if the Transaction Parties' had a written escrow agreement. *See Harris v. Rowe*, 593 S.W.2d 303, 306–07 (Tex. 1979) ("A contract for the sale of land which creates rights collateral to and independent of the conveyance, such as completion of construction or escrow agreements pending construction, to that extent survives a deed that is silent in respect to the construction or escrow agreement.").

2. It is well settled that the failure to file a deed does not affect the conveyance of title. *See* Tex. Prop.Code Ann. § 13.001(b) (West 2004); *see also Jones v. Smith*, 291 S.W.3d 549, 554 (Tex.App.-Houston [14th Dist.] 2009, no pet.).

would be necessary only if the apartment complexes had been previously conveyed. Moreover, although delivery of the conveyance deeds to Comunidad Corporation does not necessarily mean that the deed cannot be escrowed (see footnote one, *supra* ), this fact combined with the existence of reconveyance deeds supports a reasonable conclusion that the parties did not intend to "escrow" the deeds in the common legal sense.[3] *See Healthcare Cable Sys. Inc. v. Good Shepherd Hosp., Inc.,* 180 S.W.3d 787, 792–93 (Tex.App.-Tyler 2005, no pet.) (reversing summary judgment after determining specific contractual term was ambiguous).

In sum, the Transaction Parties' agreement is ambiguous relative to the date certain on which Comunidad Balboa became the owner of the subject apartment complex. Consequently, a fact issue exists regarding whether Comunidad Balboa was entitled to a section 11.182 tax exemption on the apartment complex. Therefore, the trial court erred by granting the City's motion but did not err by denying Comunidad Balboa's cross motion. Accordingly, we sustain Comunidad Balboa's first issue and overrule its second issue.

We reverse the trial court's judgment and remand for further proceedings consistent with this opinion.

---

**3.** The City argues that the court of appeals in *Hidalgo County Appraisal District v. HIC Tex. I, L.L.C.* addressed a similar situation but concluded the buyer of an apartment complex did not own legal or equitable title in 2003 and thus was not entitled to a tax exemption because the executed deed was escrowed with an unrelated escrow agent pending the performance of a condition by a third party. No. 13–07–083–CV, 2009 WL 620468, at *2, *3–5 (Tex.App.-Corpus Christi Mar. 12, 2009, no pet.) (mem. op.). We find the present case distinguishable because delivery of the deeds to Comunidad Balboa coupled with the existence of reconveyance deeds casts doubt regarding the denotation of the term "escrow."