# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 17-40966
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
April 26, 2018

Lyle W. Cayce
Clerk

In the matter of: MARCO A. CANTU

      Debtor

-----------------------------------------------------------

GUERRA & MOORE LIMITED, L.L.P.,

      Appellee

v.

AYSSA CANTU; SANDRA DIAZ,

      Appellants

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:11-CV-299

Before WIENER, DENNIS, and SOUTHWICK, Circuit Judges.

PER CURIAM:*

---

   * Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-40966

Defendants-Appellants challenge the district court's entry of summary judgment, order of judicial foreclosure, and denial of their motion for reconsideration.  Plaintiff-Appellee, Guerra & Moore Limited, L.L.P., brought suit to recover on a state court judgment against a bankrupt debtor, Marco Cantu.  Appellee sought, inter alia, to foreclose on its lien that attached to a piece of real property when it was held by Cantu and his wife as community property.  Appellants, subsequent grantees of the property, were joined as defendants and timely appealed the district court's judgment in Appellee's favor.

On appeal, Appellants repeat arguments they presented below: that the district court lacked jurisdiction under 28 U.S.C. § 1334 to decide this case and erred by not admitting parol evidence indicating that the property was conveyed to Cantu and his wife as a gift, which would have affected the attachment of Appellee's lien to the property.  A careful review of the record in this case, the parties' briefs, and the district court's ruling demonstrates no reversible legal error.  The district court correctly concluded that it had jurisdiction under § 1334, *see Fed. Deposit Ins. Corp. v. Majestic Energy Corp.*, 835 F.2d 87, 90 (5th Cir. 1988), and correctly applied Texas state law to determine that parol evidence was inadmissible to contradict the unambiguous language of the deed, *see, e.g.*, *Johnson v. Driver*, 198 S.W. 359, 363–64 (Tex. App. 2006) (citing *Davis v. Davis*, 141 Tex. 613, 619 (Tex. 1943)).  Accordingly, we affirm the district court's judgment for essentially the reasons stated by that court.